**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 21-cr-391-WJM
(Civil Action No. 24-cv-2875-WJM)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

**2.    JOSEFINA LUCIA JIMENEZ-ESPARZA,**

    Defendant-Movant.

---

**ORDER DENYING HABEAS MOTION**

---

Before the Court is Defendant-Movant Josefina Lucia Jimenez-Esparza's *pro se* amended[1] motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 ("Motion"). (ECF No. 541.) The Government filed a response to the Motion. (ECF No. 528.) For the following reasons, the Motion is denied.

Jimenez-Esparza's sole contention is that her counsel provided ineffective assistance by failing to argue that venue was improper in the District of Colorado. (*See generally* ECF No. 541.) In her view, venue was improper because "no transactions occurred in Colorado." (*Id.* at 4.) As a result, Jimenez-Esparza submits that her convictions for (1) conspiracy to distribute and possess with intent to distribute a kilogram or more of heroin and 500 grams or more of methamphetamine and (2) conspiracy to launder monetary instruments should be "overturn[ed]." (*Id.* at 5.) The

---

[1] Given the amended motion, the Court denies as moot Jimenez-Esparza's original habeas motion. (ECF No. 530.)

1

facts admitted by Jimenez-Esparza in her plea agreement, however, demonstrate otherwise.

Ineffective assistance of counsel claims involve two inquiries: Whether "(1) counsel's performance was objectively unreasonable and (2) there was a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different." *Hancock v. Trammell*, 798 F.3d 1002, 1023 (10th Cir. 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Reviewing courts may address the two parts of the test in any order, and failure to satisfy either part would preclude relief." *Id.*

The Tenth Circuit has summarized the law relevant to venue in criminal cases as follows:

> Although venue is not the focal point in most criminal matters, it is "not a mere technicality." [*United States v.*] *Miller*, 111 F.3d [747] at 749 [(10th Cir.1997)]; *see also United States v. Winship*, 724 F.2d 1116, 1123 (5th Cir.1984) ("Appellants raise more than a pedantic, justice-defeating technicality in asserting venue related rights." (internal quotation marks and footnote omitted)). It is a constitutional consideration and an element of every crime. *Miller*, 111 F.3d at 749. Specifically, the U.S. Constitution, in Article III, Section 2, Clause 3, "requires that the trial of any crime be held in the state in which the crime was committed," and the Sixth Amendment "guarantees trial by a jury of the state and district in which the crime was committed." *Id.* (internal quotation marks omitted) (quoting *United States v. Medina–Ramos*, 834 F.2d 874, 875–76 (10th Cir.1987)). The Federal Rules of Criminal Procedure also address venue, providing for prosecution in the district where the offense occurred, unless a statute or other permissive procedure allows for another venue. *See* Fed.R.Crim.P. 18.
>
> Even so, we have consistently approached venue differently than other "substantive" elements making up a criminal offense. *Miller*, 111 F.3d at 749. The critical distinction is

> the government need only establish venue by a preponderance of the evidence and not beyond a reasonable doubt. See *United States v. Byrne*, 171 F.3d 1231, 1234 (10th Cir.1999). Thus, in our review, we are mindful that venue is an element of every crime, while recognizing the separate evidentiary standards.

*United States v. Kelly*, 535 F.3d 1229, 1233 (10th Cir.2008).

Jimenez-Esparza argues that venue is improper because "the distribution of heroin occurred in Utah . . . [and] no transactions occurred in Colorado." (ECF No. 541 at 4.) But in a drug conspiracy case, venue "lies either in the jurisdiction in which the conspiratorial agreement was formed or in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." *United States v. Blackburn*, 520 F. App'x 769, 774 (10th Cir. 2013) (quoting *United States v. Rinke*, 778 F.2d 581, 584–85 (10th Cir. 1985)). And Jimenez-Esparza stipulated in her plea agreement that the Government's evidence showed that the drug trafficking organization in which she participated distributed large amounts of heroin and methamphetamine in Colorado, among other states. (ECF No. 311 at 9.) This admission is sufficient, standing alone, to demonstrate by a preponderance of the evidence that at least one conspirator distributed large amounts of drugs in Colorado in furtherance of that conspiracy. See *Rinke*, 778 F.2d 581, 584–85 (venue is proper "in any jurisdiction *in which an overt act in furtherance of the conspiracy was committed by any of the conspirators*") (emphasis added).

Jimenez-Esparza's stipulations with respect to her money laundering conspiracy conviction likewise defeat her venue challenge. Prosecution for conspiracy to commit money laundering "may be brought in the district where venue would lie for the completed offense . . . or in any other district where an act in furtherance of the attempt

or conspiracy took place." 18 U.S.C. § 1956(i)(2). Here, Jimenez-Esparza admitted in her plea agreement that, "[w]ith respect to money laundering, the evidence shows the defendant obtained cars and apartments for DTO [drug trafficking organization] members in . . . Colorado," among other states. (ECF No. 311 at 10.) This admission plainly constitutes "an act in furtherance of the" the money laundering conspiracy. 18 U.S.C. § 1956(i)(2).

Hence, venue was proper with respect to both conspiracy charges to which Jimenez-Esparza pleaded guilty, and her counsel did not fail to provide legally adequate assistance by failing to argue otherwise. This conclusion necessarily resolves the sole ineffective assistance of counsel claim advanced by Jimenez-Esparza in this action.

For these reasons the Court Orders as follows:

1. The Motion is DENIED (ECF Nos. 530, 541);
2. Judgment shall enter in favor of Plaintiff-Respondent and against Defendant-Movant;
3. Each party shall bear their own court costs; and
4. The Clerk shall terminate this action.

Dated this 6th day of August, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge